■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA FALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered May 23, 1983, convicting her of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the defendant's

motion for a mistrial when the arresting officer testified about an uncharged crime. The court promptly instructed the jury to disregard the testimony and, then, in response to counsel's request, gave an additional extensive curative instruction *(see, People v Santiago,* 52 NY2d 865; *People v Young,* 48 NY2d 995; *cf., People v Woodhull,* 105 AD2d 815).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Although the defendant contends that the People failed to prove her identity as the person who robbed the complainant, the unwavering identification testimony of the eyewitness was sufficient to support the conviction *(see, People v Solomon,* 141 AD2d 579). The eyewitness testified that he saw the defendant's face as she took the complainant's tote bag, pursued the defendant as she fled, and pointed her out to police, who promptly arrested her. Although the testimony of the complainant and the eyewitness differed as to exactly where the theft took place, the eyewitness's identification testimony was not incredible as a matter of law and the eyewitness's ability to see the theft created an issue of fact which the jury resolved against the defendant. We see no reason to disturb the jury's determination *(People v Jackson,* 65 NY2d 265, 272; *People v Bigelow,* 106 AD2d 448).

The sentence imposed was not unduly harsh or excessive *(People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.