THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered April 4, 1986, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During his summation the prosecutor stated that if the defendant had had any opportunity to plead guilty to any different crimes, it vanished when the jury was impaneled. This was apparently in response to defense counsel's indication during summation that the defendant may have been at the scene of the incident to engage in some sort of criminal activity other than the conduct for which he was being tried. While we strongly disapprove of the prosecutor's conduct, we conclude that reversal is not required as a result thereof. The trial court struck the comment from the record and instructed the jury to disregard it in their deliberations. The curative instruction, which was issued promptly, dispelled any prejudice which might otherwise have affected the verdict (see, *People v Berg,* 59 NY2d 294, 299-300; *People v Saylor,* 115 AD2d 671, *lv denied* 67 NY2d 889). The other instances of alleged prosecutorial misconduct were not preserved for appellate review (see, CPL 470.05 [2]), and, in any event, are without merit (see, *People v Galloway,* 54 NY2d 396, 399; *People v Marks,* 6 NY2d 67, 77-78).

The sentence imposed was not unduly harsh (see, *People v Suitte,* 90 AD2d 80). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.