■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL ROSARIO, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Ritter, J.), rendered November 23, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that a mistrial should have been declared when a defense witness gave erroneous testimony which indicated that the defendant was a drug user, thereby prejudicing the jury against him. He also contends that the jury was further prejudiced against him when, after the selection of four jurors, his codefendant, whose trial had been consolidated with his, pleaded guilty to reckless endangerment. In both instances curative instructions were given to the jury. The Court of Appeals has "recognized the utility of curative instructions for preventing the jury from drawing unwarranted inferences" (*People v Gibbs*, 59 NY2d 930, 932; *People v Berg*, 59 NY2d 294, 298-299). The curative instructions given to the jury in this case ameliorated any prejudice to the defendant (*see, People v Santiago*, 52 NY2d 865; *People v White*, 146 AD2d 819; *People v Fallen*, 143 AD2d 928, 929). Since no objections were made to the instructions and no additional instructions were requested, the instructions given must be deemed to have cured any error to the defendant's satisfaction (*People v Santiago*, 52 NY2d 865, 866, *supra*).

The defendant's argument that the complainant's identification of him as the person who put a knife to her throat was tainted by suggestions of the arresting officers, and that the facts of the case do not support an independent source of identification, has no merit. The police and the complainant denied any improper police involvement in the identification procedure. The hearing court properly credited the testimony of the People's witnesses and correctly found that there had been no improper showups. There having been no improper showups, an independent basis for the complainant's in-court identification need not be shown. In any event, the evidence also established that before and during the crime, which took place in a well-lit room, the complainant saw the defendant for at least 15 seconds from a distance of 1 to 1½ feet. The witness's description of the robber, given immediately after the robbery, was consistent with her trial testimony and substantially matched his actual appearance. The hearing court, which observed the demeanor of the witness, assessed her testimony as credible, and properly found that the People had shown an independent basis for the complainant's in-court identification of the defendant.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.