■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDER BEAUDOVIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 8, 1989, convicting him of murder in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the main prosecution witness testified that, before the shooting, the defendant came to his apartment and asked him and the codefendant whether they wanted "to do this with him". The witness said no but the codefendant agreed. Several minutes later, the defendant returned and asked the witness again if he "was down with it". At this point, the defendant was carrying a shotgun. A short time later, the witness heard shotgun blasts. The following morning, the defendant admitted to the witness that he had participated in the shooting. In addition, an eyewitness who was also shot testified that he saw the barrel of a shotgun, though he was unable to see the shooter. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We reject the defendant's argument that he is entitled to a new trial because shotgun shells and bullet casings were erroneously admitted into evidence. The testifying officer conceded that he could not identify these items as the ones he had noticed at the crime scene, and the People failed to produce the officer who vouchered them. Because the proper foundation was not established, it was error to admit this evidence *(see, People v McGee,* 49 NY2d 48, *cert denied sub nom. Quamina v New York,* 446 US 942; *People v Julian,* 41 NY2d 340; *People v Donovan,* 141 AD2d 835). Since the evidence of the defendant's guilt was overwhelming, however, this error was harmless *(see, People v Crimmins,* 36 NY2d 230).

Nor was the defendant prejudiced by the ballistics expert's testimony concerning certain lead fragments which were marked for identification but never received into evidence. This testimony was stricken by the court and the jury was clearly instructed not to consider it. Any potential prejudice to the defendant was thereby averted *(see, People v Berg,* 59 NY2d 294, 299-300; *People v Solano,* 159 AD2d 738), and his motion for a mistrial was properly denied *(see, People v Rosario,* 155 AD2d 563).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.