■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 8, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Two witnesses testified that the defendant admitted participating in the murder for which he was convicted. One of these witnesses also stated that, after hearing gunfire, he saw the defendant running holding a pistol. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's argument that he is entitled to a new trial because shotgun shells and bullet casings were erroneously admitted into evidence. The testifying police officer conceded that he could not identify these items as the ones he had noticed at the crime scene, and the People failed to produce the police officer who vouchered them. Because the proper foundation was not established, it was error to admit this evidence (see, People v McGee, 49 NY2d 48, cert denied sub nom. Quamina v New York, 446 US 942; People v Julian, 41 NY2d 340; People v Donovan, 141 AD2d 835). Since the evidence of the defendant's guilt was overwhelming, however, this error was harmless (see, People v Crimmins, 36 NY2d 230).

Nor was the defendant prejudiced by the ballistics expert's testimony concerning certain lead fragments which were marked for identification but never received into evidence. This testimony was stricken by the court and the jury was clearly instructed not to consider it. Any potential prejudice to the defendant was thereby averted (see, People v Berg, 59 NY2d 294, 299-300; People v Solano, 159 AD2d 738), and his mistrial motion was properly denied (see, People v Rosario, 155 AD2d 563).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit. Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.