■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PETTI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered March 22, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and certain noncustodial statements to the police.

Ordered that the judgment is affirmed.

In the early morning hours on March 19, 1988, the police observed a Cadillac in a parking lot with its engine running for approximately 25 minutes. The police then saw the defendant and the codefendant get into the car, drive it out of the parking lot, and commit numerous violations of the Vehicle and Traffic Law by passing stop signs and failing to signal. After following them for about 45 seconds, the police stopped the vehicle and, after checking for any open warrants against the defendant, arrested the defendant on an open warrant for petit larceny.

Contrary to the defendant's claim, there is no indication in the record that the police interfered with the movement of the car before observing the traffic violations (cf., People v Sobotker, 43 NY2d 559). Further, once the police officers witnessed the traffic violations, they were justified in stopping the vehicle (see, Vehicle and Traffic Law §§ 1163, 1172; People v Erwin, 42 NY2d 1064; cf., People v Ingle, 36 NY2d 413).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Prior to the traffic violations, the arresting officer observed the defendant and his codefendant place in the area of the gas cap of the car an object covered by a red bandana. He saw both the defendant's and the codefendant's hands by the gas cap. After the vehicle was stopped, another officer opened up the compartment on which the gas cap was located and found a loaded gun inside the red bandana. This constituted legally sufficient evidence that the defendant possessed the gun. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The trial court did not err in denying the defendant's motion for a mistrial when one of the testifying officers mentioned an outstanding warrant. The court promptly instructed the jury to disregard the testimony and then gave additional curative instructions in response to the defense counsel's request *(see, People v Fallen,* 143 AD2d 928; *People v Zuccaro,* 140 AD2d 733).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.