■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK SLOANE, Appellant. [618 NYS2d 38] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered May 21, 1993, convicting him of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The arresting officer approached the defendant in a gasoline station after it was determined that the license plate affixed to the Jeep Cherokee which he was operating had in fact been issued for another vehicle. During the subsequent noncustodial interview, the defendant was unable to produce his license, registration, and insurance card. The defendant sought to explain various irregularities, including why an insurance card, issued in another person's name, instead of a registration sticker, was affixed to the windshield of the Jeep Cherokee. The defendant ultimately admitted that he had lied about his date of birth, explaining that his operator's license had been suspended in New York, and that he had been attempt-

ing to conceal this fact. The defendant was then arrested. It was later established that the Jeep Cherokee was stolen.

The defendant's contention that he was illegally detained by the police is meritless. The noncustodial questioning of the defendant occurred at a gasoline station, after the defendant had stopped his vehicle, and after the police had observed a defective taillight. As previously noted, the police determined that the vehicle's license plate had apparently been switched. These circumstances clearly authorized the police to detain the defendant, and to inquire into the apparent violations of the Vehicle and Traffic Law (see, Vehicle and Traffic Law § 376 [1] [a]; § 402; see also, People v Petti, 182 AD2d 720; People v Coggins, 175 AD2d 924; People v Frank, 161 AD2d 794, lv denied 76 NY2d 939, denial of habeas corpus affd sub nom. Frank v Johnson, 968 F2d 298, cert denied — US —, 113 S Ct 825; People v Pena, 158 AD2d 480).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.