People v Toro (2018 NY Slip Op 07463)





People v Toro


2018 NY Slip Op 07463


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-05485
 (Ind. No. 1243/14)

[*1]The People of the State of New York, respondent,
v
Phillip C. Toro, also known as Chris, appellant.


Law Offices of Lombardino and Nektalov, Richmond Hill, NY (Judah Maltz of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered April 10, 2017, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and gang assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to criminal possession of a weapon in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633). 
We agree with the Supreme Court's determination to deny the defendant's motion for a mistrial after the codefendant pleaded guilty following jury selection. The plea took place outside the presence of the jury, and the court gave curative instructions to the jury which ameliorated any prejudice to the defendant (see People v Mirenda, 23 NY2d 439, 450-451; People v Association of Trade Waste Removers of Greater N.Y., 267 AD2d 137, 139; People v Adorno, 216 AD2d 686, 687; People v Thomas, 212 AD2d 474, 475; People v Rosario, 155 AD2d 563).
The defendant's remaining contention need not be reached in light of our determination.
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court