■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BAKER, Appellant. — Judgment unanimously reversed, on the law, and defendant's motion to dismiss indictment granted, with leave to the People to resubmit the charges to another Grand Jury. Memorandum: During defendant's trial for sodomizing two young boys in the shower room of a YMCA, it became apparent that the Assistant District Attorney who had presented the case to the Grand Jury and guided it through the early stages of the proceedings was the stepmother of the corroborating witness and friend of the two young victims. Defendant moved to dismiss in the interest of justice but the motion was denied. It was an improvident exercise of discretion for the court to refuse to dismiss the indictment with leave to the People to resubmit the case to another Grand Jury (CPL 210.20, subd 1, par [i]; subd 4). Whether actual prejudice has been established is immaterial. The role of the public prosecutor is not merely to convict but to foster the trust of the public in the criminal justice system. In fulfilling that function it is essential that a prosecutor avoid even the appearance of impropriety (Code of Professional Responsibility, EC 7-13, Canon 9; see, also, ABA Project on Standards for Criminal Justice, The Prosecution and the Defense Function, Part I [1.2] [(a)], [(b)]). To enable a public prosecutor to carry out the heavy responsibilities of his office, he has been granted broad powers and resources. "It [is] important that these responsibilities, carried out in the name of the State and under the color of the law, be conducted in a manner that foster[s] rather than discourage[s] public confidence in our government and the system of law to which it is dedicated. This concern, that those occupying prosecutorial office be jealous of the evidences as well as the substance of integrity, [is] not to be discounted" (People v Zimmer, 51 NY2d 390, 396). (Appeal from judgment of Supreme Court, Monroe County, Pine, J. — sodomy, first degree.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BROADWATER, Appellant. — Judgment unanimously reversed, on the law, and a new trial granted (see People v Parker, 57 NY2d 136). (Appeal from judgment of Onondaga County Court, Anderson, J. — criminal possession of weapon, third degree.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.