■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GENTILE and WILLIAM RYDSTROM, Appellants.—Appeal by the defendant Steven Gentile (1) from a judgment of the County Court, Suffolk County (Namm, J.), rendered June 10, 1985, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from so much of an order of the same court, dated January 23, 1986, as denied his motion to vacate the judgment of conviction pursuant to CPL 440.10 and 440.30.

Appeal by the defendant William Rydstrom (1) from a judgment of the County Court, Suffolk County (Namm, J.), rendered October 15, 1985, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from so much of an order of the same court, dated January 23, 1986, as denied his motion to vacate the judgment of conviction pursuant to CPL 440.10 and 440.30. The appeal by the defendant Rydstrom brings up for review an order of the same court, dated August 15, 1985, which denied his motion to set aside the verdict pursuant to CPL 330.30 and 330.40.

Ordered that the judgments are reversed, on the law and the facts, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the appeals from the order dated January 23, 1986, are dismissed as academic.

At about 3:00 A.M. on July 28, 1981, first inside and then outside of the Pioneer Diner in Smithtown, the defendants were involved in an altercation with four off-duty Suffolk County police officers and two of their friends which resulted in numerous injuries to some of the participants. After the defendants fled, Detective Robert Sisino's badge and badge case were discovered to be missing. The defendants, who, like the off-duty officers and their friends, had been drinking

earlier in the evening, were thereafter arrested, and each was subsequently indicted and charged with two counts of robbery and three counts of assault. There were no independent witnesses to the fight, and at the trial the jury was presented with two entirely different versions of what had occurred. The police officers claimed that they were attacked without provocation, and Detective Sisino testified that the defendant Gentile reached into his back pocket as he lay on his back outside the diner being beaten by both of the defendants and removed his badge and badge case. Sisino also claimed that the defendant Rydstrom grabbed a gold chain from around his neck just before he fled. Rydstrom, on the other hand, testified that the off-duty officers had overreacted to some obscene remarks made inside the diner by a young woman with him and had jumped him and his codefendant, physically throwing them out the door of the diner. Rydstrom testified that he fought back in self-defense and that Gentile grabbed Detective Sisino's badge case off the ground as he ran away, without knowing what it was. The jury convicted both defendants of the robbery of detective Sisino's badge and of assaulting Sisino during the commission of the robbery, causing physical injury. Both of the defendants were, however, acquitted of the other assault charges.

Although in the exercise of our review function we will not lightly overturn a jury verdict which is based on an assessment of the relative credibility of witnesses and the weight to be accorded to the evidence presented (see, People v Rodriguez, 72 AD2d 571), if we find from the entire record, as we do here, that the evidence is insufficient in quality and quantity to justify the verdict, we must set it aside (see, CPL 470.15 [5]; People v Santos, 38 NY2d 173; People v Carter, 63 NY2d 678). At the trial herein, detective Sisino claimed that he felt Gentile take the badge out of his pocket. However, on the night of the incident, Sisino did not report that he had been robbed when questioned by investigating Officer Baker, whose complaint report described the incident as a third degree assault. Furthermore, there was testimony from the police witnesses that a search for the badge was conducted on the night of the incident both inside and outside the diner and at Sisino's apartment. Had Sisino's badge been physically taken from his person, as he claimed at the trial, there would have been no reason to search for it. We also find the description of how the theft allegedly occurred to be implausible in that Sisino claimed he was lying on his back when Gentile reached into his back pocket and removed the badge. We further find

the evidence indicating that the badge was lost by Sisino during the fight, rather than having been stolen by Gentile, to be so persuasive and so inconsistent with Sisino's testimony that it suffices to raise a reasonable doubt as a matter of law as to the defendants' guilt of the crime of robbery. We note that the jury obviously had some difficulty with the credibility of the police officers' version of the events since, although the charges were dependent on the same police testimony, they acquitted the defendants of two of the assault charges. This is a further indication of the weakness of the prosecution's proof of robbery.

Having concluded that no robbery occurred, we must dismiss the indictment since all of the convictions depend on the occurrence of a robbery. Although there may have been sufficient evidence to support the defendants' convictions for assault (other than assault in the course of the commission of a robbery), the jury acquitted the defendants of those charges. Assault in the third degree was not charged in the indictment.

Were we not dismissing the indictment herein, we would nevertheless reverse the judgments of conviction and order a new trial in view of the numerous and significant errors which occurred and deprived the defendants of a fair trial.

Firstly, the court should not have redacted the notation "Comp. ID and shield lost or stolen in scuffle" from Officer Baker's complaint report which, as indicated, described the incident simply as a third degree assault, since the entire report was admissible as a business record (see, CPLR 4518 [a]; *Stevens v Kirby,* 86 AD2d 391). Secondly, the court should not have permitted the People to introduce evidence of the uncharged alleged larceny of Sisino's chain because its probative value, if any, was far outweighed by the potential for prejudice (cf., *People v Vails,* 43 NY2d 364). Sisino's belated claim that his chain was taken during the altercation was not essential to the prosecution's proof of the taking of the badge, nor was there any other legally permissible reason for the highly questionable and uncorroborated testimony to have been admitted in evidence.

We also find that the trial court erred in refusing to permit the defendant Gentile's former attorney, called by the prosecution to testify that his client had given him the missing badge during an earlier interrupted trial of these charges (see, *People v Gentile,* 96 AD2d 950), to relate what his client had told him about how he obtained possession of the badge (i.e., that he picked it up off the ground). The court refused to allow the testimony on the grounds that it was hearsay and self-

serving, but permitted the witness to say he had had conversations with Gentile about how he obtained possession of the badge. On redirect examination, the prosecutor inferred that Gentile gave his attorney what he knew to be the "proceeds of the robbery", and defense counsel then argued that the prosecutor had opened the door and repeated his request that the witness be permitted to relate the full substance of his conversation with Gentile. The court refused to change its ruling. Having permitted the prosecutor to introduce as an admission the fact that Gentile was in possession of the badge and had given it to his attorney, and to infer from that conduct that the badge had been obtained through the commission of a robbery, the court should have, in fairness, allowed the defendant to introduce the exculpatory portion of the admission, i.e., his statement to his attorney that he had found the badge and had not stolen it *(see, People v Gallo,* 12 NY2d 12, 15-16; *People v Dlugash,* 41 NY2d 725, 736).

Lastly, we believe that, in view of the Assistant District Attorney's admittedly close personal relationship with the complainants (he became engaged to Sisino's daughter) and his confessed deep emotional involvement in the case, he should neither have tried this case nor been involved in its course. "The role of the public prosecutor is not merely to convict but to foster the trust of the public in the criminal justice system. In fulfilling that function it is essential that a prosecutor avoid even the appearance of impropriety (Code of Professional Responsibility EC 7-13; Canon 9; see, also, ABA Project on Standards for Criminal Justice, The Prosecution and The Defense Function, Part I [1.2] [(a)], [(b)]" *(People v Baker,* 99 AD2d 656, *appeal dismissed* 64 NY2d 1027; *see also, Matter of Morgenthau v Crane,* 113 AD2d 20). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.