■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY PIERRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered April 7, 1986, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the conviction of robbery in the second degree, dismissing that count of the indictment, and vacating the sentence imposed. As so modified, the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for resentencing on the defendant's conviction of assault in the second degree and for further proceedings pursuant to CPL 460.50 (5).

These convictions arise out of what was essentially a landlord and tenant dispute which escalated into violence. While we are satisfied that the evidence was sufficient to establish the crime of assault in the second degree, the same cannot be said with regard to the crime of robbery in the second degree. The evidence offered in support of this charge, which consists of the complainant's statement that during the course of their struggle the defendant pulled his keys from his hand, fails to establish that the defendant intended to permanently deprive the complainant of the keys *(see, People v Parker,* 96 AD2d 1063). The complainant was unable to state what the defendant did with the keys, and whether they fell or were thrown on the ground. He also admitted that he did not search for the keys and did not remember mentioning a robbery to the police at the time he reported the assault. We are not prepared to conclude from this evidence that a robbery occurred *(see, People v Gentile,* 127 AD2d 686). In light of the dismissal of the robbery charge, we deem it appropriate to remit the case for reconsideration of the sentence imposed upon the defendant's conviction of assault in the second degree. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.