■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ZUCCARO, Appellant.

At 12:46 A.M. on March 13, 1986, a 1981 Cadillac El Dorado was stolen by two males. Approximately five minutes later,

two New York City Housing Police officers observed the car and the officers followed it and its operator into a parking lot. The defendant exited the driver's side of the pursued vehicle and fled into a housing project. One of the officers immediately gave chase without ever losing sight of the defendant. After first looking into the car and ascertaining that there were no other occupants, the other officer joined in the pursuit. The defendant was arrested at 12:57 A.M. after a brief struggle with the officers. After the administration of *Miranda* warnings, the defendant informed the officers that he had come to the aid of the owner of the vehicle who was being beaten, and that an unknown male thereafter offered him a ride.

The defendant contends that the evidence was insufficient to establish that he knew that the vehicle had been stolen, a necessary element of criminal possession of stolen property in the first degree *(see,* Penal Law former § 165.50). We disagree.

Where, as here, the defendant, who was observed in exclusive possession of the vehicle within minutes after it was reported stolen, took flight when approached by the police, put up a struggle when apprehended and made a false statement to the police, the verdict of guilty as to criminal possession of the stolen automobile was supported by an adequate factual basis *(see, People v Johnson,* 65 NY2d 556, 562, *rearg denied* 66 NY2d 759). Viewing the evidence in a light most favorable to the prosecution and indulging in all reasonable inferences in the People's favor, the evidence was legally sufficient to support the finding that the defendant knowingly possessed a stolen automobile valued in excess of $1,500 *(see, People v Ford,* 66 NY2d 428, 437; *People v Marin,* 65 NY2d 741, 742). Nor was the conviction against the weight of the evidence *(see,* CPL 470.15 [5]). Under the circumstances, the trial court was not required to charge the jury as to the inference arising from the recent and exclusive possession of the fruits of the crime *(see, People v Baskerville,* 60 NY2d 374, 382-383).

We find no improvident exercise of discretion with respect to the trial court's refusal to instruct the jury according to the defendant's requests to charge. The charge as given conveyed the appropriate rules of law and contained the substance of the defendant's request to charge on flight *(see, People v Dory,* 59 NY2d 121, 129; *People v Bryant,* 122 AD2d 220, *lv denied* 68 NY2d 810; *see also, People v Porrata,* 119 AD2d 704, 705).

We find no improvident exercise of discretion in the trial court's refusal to grant the defendant's mistrial motions. Although the first witness mentioned the word "robbery", the

court immediately gave a careful curative instruction to the jury *(see, People v Young,* 48 NY2d 995, 996, *rearg dismissed* 60 NY2d 644; *People v Wheeler,* 114 AD2d 688, 689). The prosecutor's summation stayed within the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105, 109-110).

We have reviewed the defendant's other contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.