■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 28, 1986, convicting him of attempted rape in the first degree (three counts), attempted sodomy in the first degree (two counts), robbery in the second degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is modified, on the law, by reversing the conviction for robbery in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

In the early morning hours of August 20, 1985, on Route 117 near Chappaqua the defendant approached the parked car of the complainant, who had pulled off the highway to rest, represented himself to be a police officer as a ruse to gain entry, abducted her and, followed by his codefendant Vincent Giaccone in his vehicle, drove the complainant's car to a secluded area where Giaccone attempted to rape her. The defendant and the codefendant thereafter transported their victim to two more locations where Giaccone again attempted to rape her while the defendant simultaneously attempted to

sodomize her. They were apprehended at the third location after neighbors who heard the victim's screams alerted the police.

The defendant contends that his admissions made to the police should have been suppressed in that his intoxication rendered them involuntary. We disagree. Although the defendant told the police that he and his codefendant "did too much coke", there is no evidence to show that he was so intoxicated that he was unable to comprehend the meaning of his statements. Rather, the totality of the circumstances shows that he was capable of intelligently waiving his *Miranda* rights and that he knowingly and voluntarily did so *(see, People v Schompert,* 19 NY2d 300, *cert denied* 389 US 874; *People v Zito,* 123 AD2d 799).

However, we agree with the defendant's contention that the evidence, even when viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally insufficient to sustain his conviction for robbery in the second degree *(see, People v Giaccone,* 147 AD2d 495 [decided herewith]). The only evidence presented by the People to support this charge is the complainant's testimony that at one point during the course of the crime, while she and the defendant were still inside her car, he grabbed her purse from behind her and hit her with it and that the purse was never recovered. From this record a trier of fact could not reasonably conclude the defendant intended to permanently deprive the complainant of her property *(see,* Penal Law § 155.00 [3]; *People v Pierre,* 131 AD2d 604; *People v Gentile,* 127 AD2d 686; *cf., People v Solomon,* 141 AD2d 579, *lv denied* 72 NY2d 913). Moreover, the People failed to establish, as was required by the theory of the indictment, that the defendant stole the property with "another person actually present" (Penal Law § 160.10 [1]). The complainant's testimony revealed that at the time of the alleged robbery, the codefendant Giaccone was not inside the complainant's car, but was either inside his own vehicle or merely walking toward her car. Indeed, the evidence fails to show that Giaccone so much as knew of the defendant's act before or even after it occurred *(see, People v Hedgeman,* 70 NY2d 533). Accordingly, that conviction must be reversed.

Finally, we find that the sentences imposed upon the defendant under the remaining counts of the indictment were well within the bounds of the applicable sentencing statute and are not unduly harsh or excessive under the circumstances of this case *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90

AD2d 80). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.