■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered October 7, 1986.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Ritter, J.), rendered February 11, 1985, convicting him of murder in the second degree (two counts), and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, a police officer testified with respect to a statement that the defendant made while he was in custody and after he had been given the *Miranda* warnings. The officer related that the defendant, while he was being booked, stated that "he was going to take the insanity plea because that was the only way out."

The defendant, in arguing that the statement was erroneously admitted into evidence, does not argue that it was not voluntarily made. Rather, the defendant contends, *inter alia,* that the statement was irrelevant. We disagree. The statement was a tacit acknowledgment by the defendant of his guilt. Hence, it was properly admitted, as it constituted an admission *(see, People v Harris,* 122 AD2d 891; Richardson, Evidence § 209 [Prince 10th ed]).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.