■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered June 12, 1986, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was arrested based upon information supplied by a certain individual to the effect that the defendant had admitted his complicity in a murder and robbery which occurred at the Dorchester Pharmacy on September 17, 1984.

The informant identified the defendant's photograph, provided the police with the defendant's nickname and accompanied the police to a location where he believed the defendant could be found. The defendant was at this location and was positively identified by the informant as the individual who had previously admitted his involvement in the crimes. In light of this information, we find that the police possessed probable cause to effectuate the defendant's arrest (see, People v Banks, 151 AD2d 491; People v Brown, 146 AD2d 793; People v Douglas, 138 AD2d 731).

We further find that suppression of statements made by the defendant while in a police patrol car was properly denied since the record establishes that the statements were spontaneous and not the result of custodial interrogation. We note, moreover, that the statements in question were sufficiently attenuated from the defendant's prior station house confessions, which had been suppressed in reliance upon the law at that time. As a result, the hearing court properly found the statements in question to be admissible (see, People v Rivers, 56 NY2d 476; People v Lynes, 49 NY2d 286; People v Maerling, 46 NY2d 289; People v Alaire, 148 AD2d 731; People v Wade, 143 AD2d 703; People v Lyons, 125 AD2d 593).

Nor is there merit to the defendant's contention that the sentence was illegally imposed. Although he contends that the sentencing court was guilty of fraudulent misrepresentations when it stated that his CPLR article 78 application in the nature of prohibition had been denied by this court, the representations made by the sentencing court were, in fact, true. Inasmuch as this court denied the defendant's application on June 11, 1986, the Supreme Court acted appropriately in proceeding to sentence the defendant the next day.

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or without of merit. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.