■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BUTLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered August 8, 1989, convicting him of reckless endangerment in the first degree, kidnapping in the second degree, robbery in the first degree (four counts), robbery in the second degree (four counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is modified, on the law, by reversing the conviction for kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the court should have granted his motion to suppress the statement he made to the police on the grounds that it was not voluntarily given and that it was the fruit of an illegal arrest. We disagree.

Although at the time he made the statement, the defendant was hospitalized and was receiving a fluid of unspecified nature through an intravenous tube, there is no evidence to indicate that the fluid rendered him unable to comprehend the meaning of his statement. Rather, the totality of the circumstances shows that he was capable of intelligently waiving his *Miranda* rights and that he knowingly and voluntarily did so *(see, People v Schompert,* 19 NY2d 300, *cert denied* 389 US 874; *People v Williams,* 147 AD2d 515).

The defendant's contention that probable cause for his arrest was lacking is also devoid of merit. The police acted properly in arresting the defendant within minutes after a liquor store robbery, based on his presence in a vehicle that matched the description, including the license plate number, of the vehicle used to leave the scene of the robbery *(see, People v Torres,* 145 AD2d 664). Furthermore, the observation by the police of a gun in the possession of the fleeing defendant provided independent probable cause to arrest him *(see, People v Stevenson,* 104 AD2d 835).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentences imposed were not excessive *(see, People v Suitte,* 90 AD2d 80).

However, as conceded by the People, the defendant's conviction of kidnapping in the second degree should be reversed under the doctrine of merger. That crime was merged into the defendant's conviction for the crime of robbery in the first degree *(see, People v Geaslen,* 54 NY2d 510).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and

find them to be without merit. Bracken, J. P., Kooper, Lawrence and Miller, JJ., concur.