■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER A. GRADOWSKI, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Carey, J.), both rendered January 11, 1991.

Ordered that the appeals are dismissed (see, People v Seaberg, 74 NY2d 1). Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered April 9, 1991.

Ordered that the appeal is dismissed (see, People v Seaberg, 74 NY2d 1). Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN GRIGAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Putnam County (Sweeny, J.), rendered May 21, 1991, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was denied his right to a speedy trial is unpreserved for appellate review due to his failure to make a motion on that ground to dismiss the indictment either before or at trial (see, CPL 30.30; People v Jordan, 62 NY2d 825). In any event, since delay resulting from adjournments to which the defendant has consented are not chargeable against the People (see, People v Worley, 66 NY2d 523), the People were ready within the statutory time limitation set forth in CPL 30.30 (1) (a).

Furthermore, the amended CPL 710.30 notice adequately apprised the defendant of the sum and substance of the statements to be offered at trial *(see, People v Brooks,* 121 AD2d 392).* Contrary to the defendant's contentions, the stipulation which produced the amended CPL 710.30 notice did not undermine his defense strategy and, therefore, did not constitute ineffective assistance of counsel. Indeed, the defendant's contentions concerning ineffective assistance of counsel require proof of less than meaningful representation, rather than simple disagreement with the strategies employed *(see, People v Benn,* 68 NY2d 941, 942).

The defendant's claims regarding purported reversible error occurring in the prosecutor's summation and the jury charge are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641), and in any event, are devoid of merit.

The sentence imposed by the court was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.