■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY NOTO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered July 25, 1990, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The alleged inadequacy of the People's notice pursuant to CPL 710.30 did not require the suppression of the defendant's statements, as the notice adequately apprised the defendant of the sum and substance of the statements to be offered at trial (see, People v Cooper, 78 NY2d 476, 484, citing People v Bennett, 56 NY2d 837, 839; People v Grigas, 185 AD2d 245) and the defendant had a full opportunity to challenge the admissibility of the statements at the Huntley hearing (see, People v Brooks, 121 AD2d 392). Moreover, the defendant did not challenge the voluntariness of the statements or articulate any specific manner in which the lack of notice was prejudicial to the defense (see, People v Miller, 154 AD2d 717, 718).

We further find that the challenged statement made by the defendant to the detective after giving an oral confession, that "he wasn't going to write anything down because he wasn't going to convict himself", was properly admitted into evidence

as an acknowledgment by the defendant of his guilt *(see, People v Williams,* 154 AD2d 724, 725; *People v Montgomery,* 101 AD2d 893, 894).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction beyond a reasonable doubt. Moreover, upon the exercise of our factual power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Furthermore, the sentence imposed was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.