■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD REID, Appellant. [626 NYS2d 250] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered January 5, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that he was not given sufficient notice pursuant to CPL 710.30 regarding a version of his oral statement that was subsequently related by a police officer at trial. We disagree. The notice provided by the People disclosed that the defendant had stated upon his arrest "I need money", and at the subsequent pretrial hearing, a police officer recounted that at the time of his arrest the defendant had stated: "I needed money". The hearing court denied suppression of the statement on the ground that it was spontaneous and voluntary. At trial, another police officer testified that the defendant had blurted out: "I took the money for food. I just needed it for food". It is well settled that the notice given pursuant to CPL 710.30 need not be a verbatim account of the defendant's oral statement *(see, People v Bennett,* 56 NY2d 837; *People v Laporte,* 184 AD2d 803; *People v Garrow,* 151 AD2d 877). Rather, the People need only give notice of the sum and substance of the statement *(see, People v Laporte, supra; People v Holmes,* 170 AD2d 534; *People v Murphy,* 163 AD2d 425) so that the defendant is made aware of it and receives an adequate opportunity to timely move to suppress it *(see, People v Chase,* 85 NY2d 493; *People v Rodney,* 85 NY2d 289). Under the circumstances of this case, we agree with the trial court's finding that the statements were the same in sum and substance, since each essentially conveyed the same inculpatory admission. Furthermore, we note that even if the statements had not been sufficiently similar, the relief proffered by the court and the ameliorative actions taken by the prosecutor ensured that any possible prejudice to the defendant was obviated.

We have examined the defendant's remaining contentions

and find them to be without merit. Mangano, P. J., Sullivan, Copertino and Altman, JJ., concur.