■ THE PEOPLE OF THE STATE OF NEW YORK, v JAY R. JORDAN, Appellant. [628 NYS2d 745] —Appeal by the defendant

from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered July 30, 1992, convicting him of attempted murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant repeatedly stabbed the complainant, his former girlfriend, following an argument. He subsequently made numerous inculpatory statements to several police officers, in which he indicated that he had intended to kill the complainant and that the incident did not result from his use of crack cocaine. At his subsequent trial, the defendant claimed that he had been unable to form the intent to kill because of the effects of his cocaine abuse on the day of the crime and in the past.

Contrary to the defendant's contention, the hearing court properly determined that the inculpatory statements were admissible, inasmuch as the hearing testimony clearly demonstrated that on several occasions the defendant received and acknowledged the *Miranda* warnings and knowingly and voluntarily waived his rights *(see, People v Schompert,* 19 NY2d 300, *cert denied* 389 US 874; *People v Bartlett,* 215 AD2d 489; *People v Griffin,* 186 AD2d 820; *People v Butler,* 175 AD2d 252). No evidence was adduced at the hearing indicating that the defendant was so intoxicated that he was unable to comprehend the meaning of his waivers of rights or of his inculpatory statements *(see, People v Angel,* 185 AD2d 356; *People v Butler, supra).* Rather, several police witnesses testified that the defendant appeared to be lucid, understood the questions asked of him, gave appropriate responses, and even initiated conversations. Similarly, there was no evidence that the defendant's injuries rendered him incapable of making voluntary statements or of comprehending their meanings *(see, People v Butler, supra; People v Williams,* 147 AD2d 515).

Moreover, the People's notice of the intention to introduce into evidence certain statements made by the defendant to an investigator was sufficient under CPL 710.30, since it adequately apprised him of the sum and substance of the statements and a verbatim recitation of the statements was not required *(see, People v Reid,* 215 AD2d 507; *People v Noto,* 188 AD2d 490; *People v Laporte,* 184 AD2d 803; *People v Garrow,* 151 AD2d 877).

Viewing the evidence, including the defendant's own statements regarding his reasons for committing the stabbing, in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.