■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SPRINGER, Appellant. [633 NYS2d 508] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 13, 1993, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, kidnapping in the second degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of weapon in the third degree, and arson in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branches of the defendant's omnibus motion which were to suppress written, oral, and videotaped statements made by the defendant to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly denied the branches of the defendant's omnibus motion which were to suppress his oral and videotaped statements, since each was rendered after the defendant *knowingly* and voluntarily waived his *Miranda* rights *(see, People v Fuschino,* 59 NY2d 91; *People v Mercado,* 198 AD2d 380; *People v Abreu,* 184 AD2d 707; *People v Washington,* 182 AD2d 791; *People v Charon,* 165 AD2d 914; *People v Sohn,* 148 AD2d 553; *People v Benitez,* 128 AD2d 628).

Moreover, we agree with the hearing court's conclusion that the People's notice of intention to introduce the statements at trial was sufficient under CPL 710.30 to apprise the defendant that they would be introducing a sketch rendered by the defendant which demonstrated where he disposed of the murder weapon, since the statements contained the sum and substance of what the drawing indicated *(see, People v Bennett,* 56 NY2d 837; *People v Reid,* 215 AD2d 507; *People v Jordan,* 216 AD2d 489; *People v Holmes,* 170 AD2d 534).

The defendant has not preserved for appellate review his contention that the evidence was legally insufficient to support his conviction for the robbery and murder of one of the victims *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.