■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RODRIGUEZ, Appellant. [647 NYS2d 959] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered July 12, 1994, convicting him of murder in the second degree (three counts), attempted murder in the first degree, kidnapping in the first degree (two counts), robbery in the first degree (three counts), attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree (five counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to the police.

Ordered that the judgment is modified, on the law, by making the sentences imposed for the defendant's convictions of criminal possession of a weapon in the second degree under counts 25 and 26 of the indictment run concurrently to the

sentence imposed for his conviction of murder in the second degree under count two of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that his statements to the police, made while he was in the hospital and after having had surgery, were not voluntary is without merit. The totality of the circumstances shows that the defendant was capable of intelligently waiving his *Miranda* rights and that he knowingly and voluntarily did so *(see, People v Butler,* 175 AD2d 252).

However, as correctly conceded by the People, the two sentences imposed for his convictions of criminal possession of a weapon in the second degree, under counts 25 and 26 of the indictment, relating to the two weapons used by the defendant and one of his accomplices during a hostage incident, resulting in the death of the hostage *(see, People v Vidal,* 231 AD2d 655 [decided herewith]), should run concurrently to the sentence imposed on his conviction of murder in the second degree under count two of the indictment *(see,* Penal Law § 70.25 [2]; *People v Jenkins,* 176 AD2d 348; *People v Terry,* 104 AD2d 572).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Altman, Hart and Florio, JJ., concur.