■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VIDAL, Appellant. [648 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 27, 1994, convicting him of murder in the second degree, robbery in the first degree (three counts), attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree (five counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by making the sentences imposed for the defendant's convictions of criminal possession of a weapon in the second degree under counts 25 and 26 of the indictment run concurrently with the sentence imposed for his conviction of murder in the second degree; as so modified, the judgment is affirmed.

This appeal arises out of a robbery committed by the defendant and four other individuals. The robbery was interrupted by the police who were called to the scene by one of robbery victims who had been able to escape. The five robbers were able to flee from the scene of the robbery and two of them were never apprehended. Two other robbers, however, separated from the defendant during their flight and broke into a basement apartment in a nearby building and abducted Saeed Ahmed whom they then used as a hostage. Ahmed was later

shot by one of those robbers during an ensuing gun battle with the police.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of felony murder beyond a reasonable doubt *(see, People v Hernandez,* 82 NY2d 309; *People v Powell,* 167 AD2d 432). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, as the People correctly concede, the sentences imposed for the defendant's convictions of criminal possession of a weapon under counts 25 and 26 of the indictment relating to the two weapons used by the defendant's accomplices during the hostage incident should run concurrently, instead of consecutively, to the sentence imposed on the felony murder count *(see,* Penal Law § 70.25 [2]; *People v Jenkins,* 176 AD2d 348; *People v Terry,* 104 AD2d 572).

The defendant's remaining contention is unpreserved for appellate review, and in any event, without merit. Thompson, J. P., Altman, Hart and Florio, JJ., concur.