■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDALL COX, Appellant. [669 NYS2d 833] —Appeal by the defendant from two judgments of the County Court, Nassau County (Wexner, J.), both rendered December 7, 1995, convicting him of murder in the second degree (two counts) under Indictment No. 90949, and murder in the second degree (two counts) and attempted robbery in the first degree under Indictment No. 92705, upon jury verdicts, and imposing sentences.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CROSS, Appellant. [669 NYS2d 826] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered May 16, 1995, convicting him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second

degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court correctly denied that branch of the defendant's omnibus motion which was to suppress his post-lineup statement. The statement, which was made after the lineup procedure, was spontaneous and not the result of custodial interrogation and was therefore admissible (*see, People v Noto,* 188 AD2d 490; *People v Mitchell,* 166 AD2d 676; *People v Williams,* 154 AD2d 724; *see also, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969).

The trial court properly refused to issue an adverse-inference charge with respect to the People's failure to call four witnesses. The People established that the testimony of one of these witness would be immaterial and cumulative and that the other witnesses were unavailable (*see, People v Gonzalez,* 68 NY2d 424; *People v Morillo,* 219 AD2d 541; *People v Mancini,* 207 AD2d 730; *People v Morris,* 168 AD2d 464; *People v Rodriguez,* 153 AD2d 703).

The defendant's remaining contention lacks merit (*see, People v Page,* 72 NY2d 69; *People v Oyewole,* 220 AD2d 624; *People v Miranda,* 223 AD2d 728; *People v Jamison,* 203 AD2d 385; CPL 270.15 [3]). Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.