■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE STEISI, Appellant. [683 NYS2d 578] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered November 19, 1996, convicting him of criminal possession of stolen property in the fourth degree, unauthorized use of a motor vehicle in the third degree, leaving the scene of an incident without reporting, and passing through a traffic control device, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that he was not given sufficient notice pursuant to CPL 710.30 regarding a version of his oral statement that was subsequently related by a police officer at trial. We disagree. The notice provided by the People adequately apprised the defendant of the sum and substance of the oral statement and a verbatim recitation of the statement was not required (*see, People v Bennett,* 56 NY2d 837, 839; *People v Jordan,* 216 AD2d 489, 490; *People v Reid,* 215 AD2d

507; *People v Noto,* 188 AD2d 490). Moreover, there was no appreciable difference between the noticed statement and the statement testified to at trial, and the defendant received an adequate opportunity to timely move to suppress it (*see, People v Chase,* 85 NY2d 493; *People v Rodney,* 85 NY2d 289).

The defendant's contention that his guilt of criminal possession of stolen property in the fourth degree was not established beyond a reasonable doubt because the People did not prove that he knowingly possessed stolen property (*see,* Penal Law § 165.45) is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant was observed in exclusive possession of the stolen vehicle, led a police officer on a high-speed chase, and fled after crashing the vehicle into a tree. After his arrest, he initially made a false statement to police, but then admitted "[he] needed wheels to get around. It was cold." Accordingly, the evidence supports a finding that the defendant knowingly possessed a stolen automobile (*see, People v Cordero,* 177 AD2d 499; *People v Clark,* 172 AD2d 679, 681; *People v Zuccaro,* 140 AD2d 733, 734). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court's *Sandoval* ruling did not constitute an improvident exercise of discretion (*see, People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282, 292; *People v Jamison,* 228 AD2d 698). Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.