■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BRAITHWAITE, Appellant. [729 NYS2d 636] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Tomei, J.), both rendered February 24, 1997, convicting him of murder in the second degree, robbery in the first degree, and attempted robbery in the first degree under Indictment No. 14561/95, upon a jury verdict, and criminal sale of a controlled substance in the third degree under Superior Court Information No. 9624/95, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, the showup identifications of the defendant made within minutes of the commission of the crime and in close proximity to the crime scene were devoid of any undue suggestiveness and therefore permissible (*see, People v Love,* 57 NY2d 1023; *People v Rodney,* 237 AD2d 541). Further, although the defendant was in the hospital suffering from a gunshot wound, he was capable of, and did intelligently, knowingly, and voluntarily waive his *Miranda* rights (*see, People v Rodriguez,* 231 AD2d 650; *People v Harrington,* 163 AD2d 327).

The defendant's contention that the People did not prove beyond a reasonable doubt that he intended to cause the victim's

death is unpreserved for appellate review (see, CPL 470.05; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that the People's evidence was legally sufficient to establish the defendant's intent to cause the victim's death. Two eyewitnesses testified that the defendant shot at the victim, hitting him multiple times, and the ballistics and medical evidence supported the eyewitness testimony. In addition, his intent to cause the death was manifest by his act of repeatedly shooting the victim (see, People v Jones, 229 AD2d 597). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

With respect to the defendant's conviction of criminal sale of a controlled substance in the third degree, under Superior Court Information No. 9624/95, we have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738). O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.