THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ALSTER, Appellant. [811 NYS2d 784]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 5, 2002, convicting him of arson in the first degree and criminal possession of a dangerous weapon in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court correctly denied that branch of the

defendant's omnibus motion which was to suppress physical evidence obtained from his apartment. The totality of the circumstances established that the defendant, who was not in custody, knowingly and voluntarily consented to the search of his apartment (*see People v Yuruckso,* 297 AD2d 299 [2002]; *People v King,* 222 AD2d 699 [1995]; *People v Oates,* 104 AD2d 907, 912 [1984]). In any event, the emergency exception to the warrant requirement provided an independent basis for the warrantless search of the defendant's apartment (*see People v Doerbecker,* 39 NY2d 448, 452 [1976]). Under the totality of the circumstances, the People established that the search was motivated by the imminent need to protect property and human life rather than for the purpose of making an arrest or to seize evidence, and that there was a nexus between the emergency and the area searched (*see People v Molnar,* 98 NY2d 328, 332 [2002]; *People v Mitchell,* 39 NY2d 173, 177-178 [1976], *cert denied* 426 US 953 [1976]; *People v Kane,* 175 AD2d 881, 881-882 [1991]). Moreover, the scope of the search by the police was sufficiently limited by, and reasonably related to, the exigencies of the situation (*see People v Rielly,* 190 AD2d 695 [1993]).

The Supreme Court correctly determined that the defendant knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Rodriguez,* 231 AD2d 650 [1996]; *People v Butler,* 175 AD2d 252 [1991]; *see also People v Jordan,* 216 AD2d 489 [1995]).

The defendant's trial attorney provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.