■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE G. LAPIERRE, Appellant. [926 NYS2d 915]—

Contrary to the defendant's contention, the police had probable cause to arrest him (*see People v Stays*, 265 AD2d 585 [1999]; *People v Palacio*, 121 AD2d 282, 283 [1986]; *see also People v Mitchell*, 166 AD2d 676 [1990]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial as a result of the prosecutor's summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Malave*, 7 AD3d 542 [2004]; *People v Bruen*, 136 AD2d 648, 649 [1988]). In any event, the defendant's contention is without merit (*see People v Paul*, 82 AD3d 1267, 1267-1268 [2011], *lv denied* 16 NY3d 898 [2011]; *People v Adamo*, 309 AD2d 808, 810 [2003]; *People v Phillips*, 285 AD2d 477, 478 [2001]; *People v Hill*, 176 AD2d 755, 756 [1991]). Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.