■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE G. LAPIERRE, Appellant. [984 NYS2d 882]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated July 19, 2011 (*People v LaPierre*, 86 AD3d 619 [2011]), affirming a judgment of the Supreme Court, Nassau County, rendered February 15, 2008.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ROBERT MAFFEI, Defendant. [984 NYS2d 884]—Application by the defendant for a writ of error coram nobis seeking leave to file a late notice of appeal from a judgment of the Supreme Court, Kings County, rendered May 1, 2008.

Ordered that the application is granted, and the defendant's notice of appeal is deemed to have been timely filed.

The defendant has established his entitlement to the relief requested (*see People v Syville*, 15 NY3d 391 [2010]). Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MORENO, Appellant. [984 NYS2d 878]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed September 27, 2012, upon his conviction of robbery in the first degree (three counts), upon a jury verdict, the resentence being periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed by the same court (Knipel, J.) on April 6, 2000.

Ordered that the resentence is affirmed.

Inasmuch as the defendant had not yet completed serving his originally imposed sentences of imprisonment when he was resentenced, his resentencing to terms including the statutorily required periods of postrelease supervision did not violate the double jeopardy and due process clauses of the United States Constitution (*see People v Lingle*, 16 NY3d 621, 630-632 [2011]; *People v Harrison*, 112 AD3d 967 [2013]; *People v Hernandez*, 110 AD3d 918, 919 [2013]). Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.