■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

STANLEY DIXON, Appellant. [604 NYS2d 604] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered May 31, 1991, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant's contention that the conviction for sodomy in the first degree was repugnant to his acquittal for criminal possession of a weapon in the third degree is without merit because display or use of a weapon is not an essential element of sodomy *(see, People v Dorsey,* 104 Misc 2d 963), and the acquittal of the weapons possession charge therefore was not "conclusive as to a necessary element of the other crime" *(People v Tucker,* 55 NY2d 1, 7; *see, People v Johnson,* 70 NY2d 819). His contention that acquittal of the rape charge was repugnant to the sodomy conviction is similarly meritless. Rape differs from sodomy in that sodomy is "deviant" sexual intercourse *(see,* Penal Law §§ 130.00, 130.35, 130.50). Since the elements of rape and sodomy differ, acquittal of one does not automatically require acquittal of the other *(see, People v Goodfriend,* 64 NY2d 695; *People v Tucker, supra; People v Pilich,* 128 AD2d 903). The evidence of sodomy here was more compelling than the evidence of rape. The victim testified that the defendant said he wanted to sodomize her and that she bled rectally from his attack, and blood was found on the sheet seized from the defendant's room and the pants he was wearing when arrested.

Nor did the trial court err in precluding cross-examination regarding the victim's arrests for prostitution that did not lead to convictions *(see,* CPL 60.42). Additionally, the trial court was correct in allowing a clergyman to testify that the defendant had told him to tell the victim that the defendant was sorry. The apology, as an admission intended to be passed on to a third party, was excluded by neither the hearsay rule *(see,* Richardson, Evidence § 210, at 187 [Prince 10th ed]; Fisch, New York Evidence § 792, at 460 [2d ed]), nor, as the defendant concedes in his brief on appeal, the clergyman-penitent privilege *(see,* CPLR 4505), and the court was within

its discretion to exclude the defendant's hearsay protestations of innocence since these did not explain the context within which the admission was made *(cf., People v Gallo,* 12 NY2d 12; *People v Saintilima,* 173 AD2d 496; *People v Gentile,* 127 AD2d 686).

Contrary to the defendant's contention, the evidence, the law, and the circumstances, viewed in totality and as of the time of the legal representation, reveal that his attorney provided meaningful representation *(see, People v Baldi,* 54 NY2d 137).

We have considered the defendant's remaining contentions, including those raised by his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.