■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AUGUSTINE SAQUET, Also Known as AGUSTINO SAUGUET, Respondent. [641 NYS2d 629] —Order of the Supreme Court, New York County (Martin Rettinger, J.), entered on or about May 15, 1995, which granted defendant's CPL 330.30 motion to set aside a jury verdict convicting him of two counts of criminal possession of a controlled substance in the third degree, unanimously reversed, on the law, the indictment reinstated, and the matter remitted to Supreme Court for further proceedings in accordance with CPL 470.45.

Three detectives, who sought to arrest defendant on an unrelated assault charge, arrived in the hallway outside his room, a four-by-six-foot area containing a bed and chair, located in a Bowery rooming house. They saw defendant standing in his open doorway talking to two other men, who fled at the detectives' approach. On his bed, they saw defendant's wallet and 21 clear plastic bags. The bags held 543 "nickel bags" of crack, later determined to contain just over $1^3/8$ ounces of cocaine. In

response to the remark of one of the detectives upon seeing the drugs, defendant said "it wasn't his, that he was holding it for a friend." A search of defendant's person revealed that he was carrying $250 in his waistband.

Defendant did not testify at trial. On cross examination, defense counsel made much of the lack of scales, empty plastic bags, unpackaged cocaine, mixing powders, cutting tools, beepers or books in defendant's room. In the course of his summation, the prosecutor stated that defendant "admitted" possession of the bags by stating, "They are not mine. I'm holding them for a friend."

In his CPL 330.30 motion to set aside the jury verdict, which Supreme Court granted in its entirety, defendant alleged that the prosecutor's remark violated his Fifth Amendment right to remain silent. Defendant also contended that the prosecutor inflamed the passions of the jurors by his observation that defendant "was surrounded by hundreds of people, men who were down on their luck. And I submit to you this is a perfect spot to sell and distribute crack cocaine, to prey on the desperation of these men."

As the prosecutor argued on the motion, defendant's concession that he was "holding" the drugs for someone else is undeniably an admission of possession, a central element of the crime charged. The prosecutor's second remark was a fair comment on a " 'pertinent matter of fact bearing upon the questions the jury have to decide' " (*People v Ashwal*, 39 NY2d 105, 109) and a reasonable response to defendant's intimation that the absence of scales, cutting agents and loose cocaine in his room negates the intent to sell. A further reference to "the two guys who were running away" was not raised in the motion and was, in any event, harmless in light of the overwhelming evidence of defendant's guilt (*People v Crimmins*, 36 NY2d 230). Even if, as Supreme Court found, the prosecutor's remarks may be considered objectionable, directing a new trial " 'is properly shunned when the misconduct has not substantially prejudiced a defendant's trial' " (*People v Galloway*, 54 NY2d 396, 401, quoting *United States v Modica*, 663 F2d 1173, 1184; *People v Roopchand*, 107 AD2d 35, 37, *affd on opn below* 65 NY2d 837). Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Nardelli, JJ.