*804 OPINION OF THE COURT
Leon Ruchelsman, J.
The defendant stands charged with burglary in the third degree (Penal Law § 140.20), grand larceny in the third degree (Penal Law § 155.35), grand larceny in the fourth degree (Penal Law § 155.30 [1]), possession of burglar’s tools (Penal Law § 140.35), and criminal mischief in the fourth degree (Penal Law § 145.00 [1]). These charges arose out of an alleged burglary of a Radio Shack in Kings-County in the early morning hours of October 16, 1997.
On April 23, 1998 the defendant and his attorney were in court to argue various pretrial issues. At the conclusion of the session, the defendant himself requested to converse with the District Attorney assigned to his case. The District Attorney reminded the defendant that any relevant discussions should be conducted through his attorney. Whereupon, the defendant’s attorney acquiesced and allowed her client to talk personally with the District Attorney, who was accompanied by another District Attorney. The defendant highlighted to the District Attorney that prior to this arrest he had been actively involved with programs teaching neighborhood children about gun violence. The District Attorney commended the defendant for this work, but, however, noted that this burglary charge would not be favorable for him. The defendant then stated that he could not do the time. The District Attorney then responded that an unrelated Queens matter would add to the defendant’s problems and again the defendant stated that he could not do the time. The conversation between them concluded at that time.
The District Attorney now seeks to introduce the defendant’s statements that “he could not do the time” as admissions. The District Attorney would introduce these statements through the testimony of the accompanying District Attorney who heard the defendant state twice that “he could not do the time”. The People argue that the statements are admissions since they implicate the defendant as a guilty participant in the burglary, since an innocent person would have stressed his innocence, not a potential jail sentence. The defendant opposes the introduction of these statements. This decision supplements the oral ruling issued on April 27, 1998.
CONCLUSIONS OF LAW
As a preliminary matter it must be stated that as a general rule it is improper for an attorney to discuss the subject matter *805 of the case with the other party when the attorney knows the other party is represented by counsel (Code of Professional Responsibility DR 7-104 [A] [1] [22 NYCRR 1200.35 (a) (1)]). This rule is supported by the belief that the legal system is most effective when individuals in need of legal advice confer with counsel (Code of Professional Responsibility EC 7-18). However, an individual represented by counsel may discuss matters with the opposing attorney if that individual’s attorney has granted consent (Code of Professional Responsibility DR 7-104 [A] [1] [22 NYCRR 1200.35 (a) (1)]). These ethical guidelines are likewise applicable in criminal matters (People v Hobson, 39 NY2d 479 [1976]).
In the case at bar the defendant’s attorney permitted her client to discuss matters with the District Attorney. Therefore, there has not been a violation of the rules governing professional conduct (22 NYCRR 603.2).
The issue under consideration is whether the statements of the defendant may be admitted as admissions. An admission is a statement of a party made prior to trial which is inconsistent with the position the party is attempting to establish in the case. Admissions are exceptions to the rule against hearsay and may be introduced against the declarant at trial (Mindlin v Dorfman, 197 App Div 770 [1st Dept 1921]). Therefore, any statement which a criminal defendant makes which is inconsistent with his plea of innocence is an admission (People v Harris, 148 AD2d 469 [2d Dept 1989]).
Thus, statements which unequivocally raise an inference of guilt may be introduced at trial as admissions. Therefore, in People v Saquet (226 AD2d 272 [1st Dept 1996], lv denied 88 NY2d 994) the Court allowed the defendant’s statement that he was “holding” a bag full of cocaine, to be introduced at trial. That statement unequivocally negated the defendant’s contention that he possessed illegal drugs. Similarly, in People v Reid (221 AD2d 213 [1st Dept 1995], lv denied 87 NY2d 924) the Court permitted the introduction of defendant’s statement that he “owned” a gun. That admission of ownership sustained the notion that the defendant illegally possessed a gun. Likewise, a defendant’s statement that “the robbery was the stupidest ever committed” was an admission since it negated the defendant’s position in the case (People v Oquendo, 232 AD2d 881 [3d Dept 1996], lv denied 89 NY2d 927).
There are, however, other situations where a defendant’s statements are not a direct and unequivocal admission of guilt yet a proper inference of guilt may be drawn from them. Thus, *806 in People v Williams (154 AD2d 724 [2d Dept 1989]) the defendant asserted an insanity defense and stated that it was the “only way out”. That statement was deemed an acknowledgment of guilt even though the statement did not relate to any of the elements of the crimes charged. An inference of guilt could properly be drawn from the statement and it was introduced at trial. Similarly, in People v Dixon (199 AD2d 332 [2d Dept 1993], lv denied 83 NY2d 851), the defendant had stated that he was sorry for what he had done. This was introduced at trial as an admission, despite the fact that the statement did not specifically refer to the commission of the crime. Again, a reasonable inference could be drawn that the statement was an admission of guilt.
However, where the specific statements sought to be introduced as admissions are too vague to presume of the defendant an inference of guilt, then the statements will be excluded. Instructive of this rule is People v Modeste (159 Misc 2d 250 [Sup Ct, Queens County 1993]), where the police received information that the suspect in question answered to the name “shotgun”. The police had an individual in custody who they suspected was the perpetrator, “shotgun”. In an attempt to discover the identity of the individual, one officer called out the word “shotgun”. Whereupon, the individual quickly looked up in response to his name being called. The People sought to introduce that response as an admission of his identity. The court found the individual’s response too vague an inference that could be utilized as an admission of guilt. The response was therefore excluded.
In the case at bar, the defendant’s statements likewise were too ambiguous to permit a jury to infer guilt. An individual’s plea that he cannot do the time could no more be attributed as an admission of guilt than to an innocent person wishing to forestall the potential jail sentence which could be imposed in the event of an erroneous conviction. The People’s assertion that an innocent person would not have initiated conversation about jail time is rejected by noting the unfortunate number of innocent people who are erroneously convicted in this Nation. To permit a jury to infer the defendant’s guilt merely because he expressed a desire to avoid lengthy incarceration would call for the introduction of ambiguous and potentially misleading statements. As previously explained, admissions are only introduced where they negate a position of the declarant at trial. These statements do not negate the defendant’s innocence, since innocent people would utter simi *807 lar preferences concerning jail time. Thus, the statements lack the essential element permitting admissions to be introduced at trial. Since the statements in this case are not clear “admissions” of guilt, they are necessarily barred as hearsay. Therefore, the statements were excluded from trial.