People v Palacios-Correa (2018 NY Slip Op 07458)





People v Palacios-Correa


2018 NY Slip Op 07458


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-05597
 (Ind. No. 2369/15)

[*1]The People of the State of New York, respondent,
v
Juan Pablo Palacios-Correa, also known as Pablo Palacios, appellant.


James W. Neilson, Whitestone, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Kathryn E. Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael B. Aloise, J.), rendered April 27, 2017, convicting him of criminal sexual act in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court erred by admitting the complainant's father's testimony that, when he confronted the defendant with allegations of sexual abuse, the defendant responded, "I'm sorry, but it's not like [the complainant] says[,] . . . she knows a lot about sex." The defendant also contends that the court erred by failing to give a consciousness of guilt jury charge related to this testimony. These contentions are unpreserved for appellate review, since the defendant failed to object to the admission of the testimony or to request such a jury charge (see CPL 470.05[2]; People v Franks, 137 AD3d 936, 937; People v Bramble, 81 AD3d 968, 968). In any event, the testimony was admissible as an admission by the defendant (see People v Galloway, 93 AD3d 1069, 1071; People v Castellanos, 65 AD3d 555, 557; People v Dixon, 199 AD2d 332, 333; People v Stickles, 267 AD2d 604, 605-606), as well as evidence of the defendant's consciousness of guilt (see People v Bennett, 79 NY2d 464, 470). The probative value of the evidence outweighed its potential for prejudice (see People v Case, 113 AD3d 872, 873). As the testimony was admissible as an admission of the defendant, no jury instruction on consciousness of guilt evidence was required.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's identity as the perpetrator was established by the testimony at trial, and the lack of physical trauma to the complainant was not inconsistent with the alleged abuse. Affording appropriate deference to the jury's assessment of the witnesses' credibility, [*2]we find that the jury's determination to reject the testimony of the defendant's mother-in-law that the defendant was never alone with the complainant on the subject date was justified, especially in light of the credible, contradictory evidence (see People v Huger, 136 AD3d 943, 944).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court